UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE OFFICE OF FINACIAL MANAGEMENT, RISK MANAGEMENT DIVISION,<br><br>Defendant. | CASE NO. C11-5462RJB<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE |

This matter comes before the court on plaintiff's Motion to Proceed *In Forma Pauperis*. Dkt. 1. The court has considered the motion and the remainder of the file herein.

On June 15, 2011, plaintiff filed a civil complaint and an application to proceed *in forma pauperis* (IFP), that is, without paying the $350 filing fee for a civil case. Dkt. 1 and 2.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
1

proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she has no income and no assets.

Since 2010, plaintiff filed eight cases, in addition to the present one, in this court. *See Stuart-Robinson v. Green River Community College*, C10-112MAT (plaintiff granted IFP status; case dismissed on summary judgment; appeal pending); *Robinson v. Hampton*, C10-5189BHS (plaintiff granted IFP status; case dismissed on motion for judgment on the pleadings); *Robinson v. State of Washington Department of Corrections*, C10-5652RBL (plaintiff granted IFP; cased dismissed for lack of jurisdiction, on defendants' motion to dismiss; appeal pending); *Robinson v. Department of Corrections State of Washington*, C10-5861RBL (application to proceed IFP filed; case stayed pending appeal of C10-5652RBL); *Robinson v. NW Advanced Communications Services Corp.*, C10-5919RBL (plaintiff's application to proceed IFP denied; case dismissed as frivolous and for failure to state a claim); *Robinson v. Pierce Transit*, C10-5929BHS (application to proceed IFP granted; case dismissed with prejudice); *Robinson v. City of Tacoma Police Department*, C11-5014RJB (application to proceed IFP denied and case dismissed; IFP denied on appeal as frivolous, and appeal dismissed for failure to perfect appeal; *Robinson v. Tacoma Community College*, C11-5151BHS (filing fee paid; case pending). The cases have involved significant motions practice by the defendants.

**Review of the Complaint.** In light of plaintiff's recent litigation history, the court has carefully reviewed the complaint in this matter. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff alleges that she filed a tort claim with the Washington State Office of Finacial [sic] Management Risk Management Division (Risk Management Division) on September 16, 2010; that the Risk Management Division made no effort to provide her with reasonable assistance and instructions; and that the Risk Management Division violated Washington Administrative Code 284-30-360. Dkt. 1-1 and 2. It appears that the incident underlying the tort claim is the subject of C10-5652RBL and C10-5861RBL.

Plaintiff contends that the Risk Management Division (1) denied her rights to due process and liberty, under the Washington Constitution; (2) denied her reasonable assistance and instructions under "the privledges [sic] of state law and liberty"; (3) denied her liberty without due process under the Fourteenth Amendment to the United States Constitution; and (4) denied her equal protection of state law under WAC 284-30-360(4). Dkt. 1-1, at 3-4.

*Plaintiff's Claim Under the United States Constitution.* 42 U.S.C. § 1983 provides in pertinent part as follows:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

"[N]either a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct 2304 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*). Further, the Eleventh Amendment "bars such suits unless the State has waived its immunity[,]" *Will*, 491 U.S. at 65, and the Washington State Supreme Court has held that the State of Washington is immune from suits arising under 42 U.S.C. § 1983. *Rains v. State,* 100 Wn.2d 660, 666, 674 P.2d 165 (1983). *See also Cortez v. Cy of Los Angeles*, 294 F.3d 1186, 1187 (9th Cir. 2002); *Edgar v. State*, 92 Wn.2d 217 (1979). Regardless

of the forum—state or federal—a state is not susceptible to suit under 42 U.S.C. § 1983. *Will*, 491 U.S. at 85 (1989).

Plaintiff has filed this suit against a State agency. Any claim against an agency of the State of Washington or a person acting in an official capacity is barred by the Eleventh Amendment.

Further, plaintiff's claim is apparently premised on the State's responsibilities under WAC 284-30-360(4). This is an insurance regulation. A state agency is not an insurance company. Any Due Process claim premised on an insurance regulation is without foundation. Plaintiff's claim that she was denied Due Process by a State agency that failed to assist her in filing a tort claim is frivolous.

To the extent plaintiff claims a violation of equal protection, she has alleged that claim under state, not federal, law. Moreover, plaintiff has not alleged any facts that could support a federal equal protection claim.

Any claim plaintiff makes in this case, based upon a federal constitutional violation, is frivolous, and the complaint fails to state a claim.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, as discussed above, any attempt by plaintiff to amend the complaint would be futile.

*Claims under State Law*. The complaint does not state a claim over which the federal court has jurisdiction. Because the court does not have original jurisdiction, it does not have supplemental jurisdiction over the state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 804-807 (9th Cir. 2001).

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
4

**Decision on Application to Proceed IFP**. Based upon plaintiff's prior–and recent– litigation history, and based upon the above analysis of the deficiencies in the complaint, the court should deny plaintiff's application to proceed *in forma pauperis*.

***Sua Sponte* Dismissal.** A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ..P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint sua sponte, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). This case has no arguable basis in law or fact. The complaint should be dismissed as frivolous and for failure to state a claim.

**Telephone Contacts with Clerk's Office.** Plaintiff has called the Clerk's Office numerous times. She has consistently used and angry and abusive language, including profanity, when speaking with Clerk's Office staff. Plaintiff was cautioned by the court, during a hearing in *Robinson v. Washington State Department of Corrections*, C10-5652RBL, Dkt. 31, to treat staff respectfully when visiting the Clerk's office for filings and inquiries. The Clerk's Office staff should not be required to tolerate plaintiff's abusive behavior. Plaintiff is directed not to contact the court, including the Clerk's Office, by telephone, regarding this case.

**Filings Regarding this Case.** Pursuant to this order, this case is dismissed. Plaintiff is registered to file with the court's Electronic Case Filing (ECF) system. In *Robinson v. Tacoma*

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
5

1 *Community College*, C11-5151BHS, the court issued an order that included the following

2 provision:

3   The Court finds that Robinson has violated Rule 11(b) with her numerous
    incomprehensible and frivolous filings. The Court also finds that an appropriate sanction
4   is the Court's *sua sponte* review of future Robinson filings. If the Court determines a
    filing is an appropriate motion or request for relief, the Court will note it accordingly.
5   Otherwise, the filing will simply become part of the case file. The Court also warns
    Robinson that future frivolous filings may likely result in additional sanctions.

6 C11-5151BHS, Dkt. 71.

7   Plaintiff is directed that, other than a Notice of Appeal, she may not file requests of the

8 court in this case, or motions related to this case. Any document plaintiff files in this case in the

9 future, other than a Notice of Appeal, will be filed in the case but will not be acted upon by the

10 court.

11  **IFP on Appeal.** In the event that plaintiff appeals this order, and/or appeals dismissal of

12 this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the

13 Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

14  Therefore, it is hereby

15  **ORDERED** that plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 1 and 2) is

16 **DENIED**. This case is **DISMISSED WITH PREJUDICE**. In the event that plaintiff appeals

17 this order, IFP status is **DENIED** by this court, without prejudice to plaintiff to file with the

18 Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*.

19 /

20 /

21 /

22 /

23

24

1 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 | to any party appearing *pro se* at said party's last known address.
3 | Dated this 17th day of June, 2011.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE-
7